UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL WAGNER,<br><br>Defendant. | Case No. 2:10-cr-00399-MMD-GWF<br><br>ORDER<br><br>(Def.'s Second Motion to Continue Trial – dkt. no. 98) |

Before the Court is Defendant Paul Wagner's Second Motion to Continue Trial. (Dkt. no. 98.) For the reasons discussed below, Defendant's Motion is denied.

**I.     BACKGROUND**

Defendant Wagner's case has been pending before this Court for over two years, and has been continued seven times — largely for the same reasons. The Indictment was returned on July 28, 2010, charging Wagner with wire fraud, bank fraud, and conspiracy to commit fraud arising out of Wagner's activities as a home builder and seller. The case involves a number of different actors and potential coconspirators, in addition to voluminous amounts of discovered evidence. The Superseding Indictment was returned on October 12, 2011. Jury trial on these charges is currently scheduled for the morning of September 25, 2012, the day after this Second Motion was filed.

On September 20, 2010, the parties stipulated to the first continuance due to the voluminous written discovery materials that needed to be examined and the fact that Wagner had only recently retained private counsel. (Dkt. no. 20.)

On March 11, 2011, the parties stipulated to continue the trial once more, again on account of voluminous documents that required additional time to review and because additional time was required for Wagner's investigator and expert to review Wagner's business files. (Dkt. no. 26.)

The parties filed their third stipulation to continue the trial on September 9, 2011. (Dkt. no. 30.) This time, the parties noted that the Superseding Indictment was to be presented to a grand jury on September 14, 2011, which included an additional seven counts for an additional seven properties. The United States also provided blanket discovery of voluminous documents to Wagner, which could potentially have included documents not previously disclosed. The parties stipulated as an added reason for the continuance the departure of one of the original Assistant United States Attorneys assigned to the case and the injury of a case agent who was involved in the original investigation.

On January 20, 2012, the parties filed their fourth stipulation to continue the trial. (Dkt. no. 38.) The justification for this stipulation was additional discovery provided by the United States on December 11, 2011, and a trial in which Wagner's counsel participated that prevented adequate preparation in Wagner's case.

On May 8, 2012, the parties filed their fifth stipulation to continue the trial until August 28, 2012. (Dkt. no. 42.) The parties noted that the United States had additionally informed Wagner's counsel of voluminous quantities of potentially relevant documents, while defense counsel had provided to the United States thousands of pages of documents related to real estate transactions. Presiding Judge Gloria M. Navarro in a calendar call sought assurances from the parties that the trial would proceed on August 28, 2012, and made clear her preferences that the fifth continuance would be the last. The stipulation submitted by the parties similarly assured the Court that they understood the continuance, if granted, would be the final continuance.

On July 20, 2012, Wagner filed his First Motion to Continue Trial. (Dkt. no. 57.) Wagner's counsel requested a continuance on two grounds. First, Wagner's failure to

provide sufficient financial assets to employ an expert and an investigator to sift through the relevant evidence prejudiced the preparation of Wagner's defense, were the case to go to trial as scheduled.  Secondly, Wagner's counsel awaited a minimal amount of *Giglio* and *Jencks* materials yet to be undisclosed.  The Court denied Wagner's Motion, but continued the trial for two weeks to allow Wagner's counsel sufficient time to receive court-approved Civil Justice Act ("CJA") funds to assist in trial preparation, particularly the hiring of an investigator.

With the trial scheduled for September 11, 2012, Wagner sought another continuance at the August 29, 2012, calendar call.  At the hearing, Wagner's counsel represented to the Court that additional time was needed to conduct voluminous discovery, and that CJA budgetary approval required time to process.  The Court again continued the trial for two weeks, scheduling it for September 25, 2012.

At the September 12, 2012, calendar call preceding trial, the parties represented to the Court that the case will go to trial on September 25, 2012, as scheduled. (Dkt. no. 82.)  After canvassing counsel about the length of the trial, the Court specifically asked whether the Court should anticipate any issues before trial.  Both parties raised no issues, and the calendar call was adjourned with the understanding that trial was to commence as scheduled.

Finally, at the September 19, 2012, pretrial conference, the Court discussed with counsel for the parties various trial-related procedural issues, including jury questioning, jury make-up, evidentiary issues, and marking of exhibits.  At the end of the conference, Wagner's counsel advised the Court that the "gathering phase" of the document investigation of documents had not been completed, and the "review phase" had not yet begun.  Wagner's counsel appeared to lay the groundwork for another motion to continue the trial, so the Court informed the parties that all requests must formally be made in a motion for submission to the Court.  Wagner waited until the day before trial was scheduled to commence to file the instant Motion, which is his third motion for continuance.

## II. STANDARD

"A district court has broad discretion to grant or deny a continuance." *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010). This decision "will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). A district court abuses its discretion if the denial of a continuance is "arbitrary or unreasonable." *Id.*

The court of appeals must consider four factors in deciding whether or not a denial of a continuance was arbitrary or unreasonable:

> First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

*Flynt*, 756 F.2d at 1359 (internal citations omitted). These four factors guide a district court in its decision to grant or deny a continuance.

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq., requires that a criminal defendant must be brought to trial within seventy (70) days after he is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). If this deadline is not met, a defendant is entitled to dismissal of the charges. 18 U.S.C. § 3162(a)(2). "The Act is designed to ensure that justice is not impaired by unnecessary delay between arraignment and trial." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). "The Act, however, excludes from the 70-day period delays due to certain enumerated events. [18 U.S.C.] § 3161(h)." *Bloate v. United States*, ___ U.S ___, 130 S.Ct. 1345, 1349 (2010). Defense continuance requests must fit within one of the provisions of 18 U.S.C. 3161(h). *See Zedner v. United States*, 547 U.S. 489, 500 (2006). These circumstances include delays resulting from "proceedings concerning the defendant," § 3161(h)(1), and periods of delay resulting from a continuance granted by the judge, § 3161(h)(7).

4

Delays resulting from a continuance are excludable under the Act only if the judge granting such a continuance finds that the "ends of justice" outweigh the "best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B). However, continuance "shall not be granted because of . . . lack of diligent preparation." *Id.* at § 3161(h)(7)(C). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).

## III. DISCUSSION

The Motion before this Court rehashes many of the issues that have led to this case being continued as often as it has. Wagner seeks a continuance now on the grounds that he needs additional time to sift through voluminous discovery, yet has failed to demonstrate either that additional discovery is necessary and not duplicative or that additional discovery might lead to undisclosed exculpatory evidence. After considering the relevant *Flynt* factors, the Court holds that another continuance would be improper under the circumstances and would not serve the ends of justice

First, Wagner and his counsel have been less than diligent in readying Wagner's defense prior to trial. That voluminous discovery exists in this case has been known to Wagner's counsel for over four months. Notwithstanding the issues of adequate funding in this case, Wagner through his counsel represented on September 12, 2012, that he would be ready for trial on September 25. Filing an eleventh-hour continuance request the morning before trial was to begin suggests a lack of appropriate diligence in preparing Wagner's defense.

Second, there is no indication that the issues raised by Wagner are relevant to Wagner's alleged conduct or the transactions identified in the Indictment. The government alleges that Wagner was involved in a fraudulent scheme to sell homes by deceiving lenders into lending straw buyers the funds to purchase the homes he had built. The government filed charges against Wagner relating to sixteen of these homes although the government now intends to dismiss five counts relating to five of these homes. The government intends to rely in part on the testimony of various coconspirators who were also involved in similar schemes, much of which did not involve Wagner. Wagner seeks a continuance in part on the grounds that the unreviewed materials contained evidence of fraud perpetrated by a coconspirator that did not involve Wagner, characterizing such evidence as exculpatory. But this argument is unavailable. It is unsurprising that Wagner's alleged coconspirator engaged in fraudulent activity beyond that which Wagner is charged with committing, so the discovery of evidence relating to other fraudulent acts is not relevant to Wagner's defense. Put differently, the universe of bank and wire fraud is large; Wagner's alleged involvement is small, and the number of homes that form the basis for trial are even smaller. Finding evidence that fits into the larger circle is hardly relevant to whether the smaller circle of Wagner's activity exists. Moreover, the fact that Wagner's name may not be identified in some of the files relating to properties at issue in the Indictment does not make that evidence exculpatory. Wagner need not be involved directly with every alleged act that constitutes the larger scheme, since as a coconspirator Wagner may be responsible for the alleged criminal acts of others made during the course of and in furtherance of a conspiracy.

Further, Wagner seeks a continuance on the grounds that some of the documents found include communications between Wagner's coconspirator and his assistant that do not mention Wagner. This argument again fails for the simple reason that they cannot be considered exculpatory. Wagner has had adequate time to review these materials, and has failed to demonstrate with any specificity how such materials will be relevant to his conduct or to the transactions identified in the Indictment. Moreover, that

such activity was conducted by Wagner's agent cannot be considered exculpatory, particularly in light of the government's contention that such dealings demonstrate the existence of a conspiracy of which Wagner was a party.

Third, Wagner also points to ongoing FBI imaging of hard drives from the office of Direct Title in Colorado, and argues that a continuance is warranted because these files have yet to be analyzed by the parties. This argument has previously been made, and rejected, by the Court. The government's counsel, in the July 25, 2012, hearing on Wagner's first motion to continue, represented to the Court that the process of preparing these materials might take as long as two years, and that they essentially will yield duplicative information concerning fraud that one of the government's witnesses will admit to engaging in. Wagner, in his Motion, does not make any specific showing that discovery of these materials likely will lead to exculpatory evidence, or even to relevant, non-duplicative evidence.

In addition, Wagner argues for a continuance on the grounds that some important information has been discovered in the shred boxes, in addition to other information concerning down payments. Yet he has failed to demonstrate how additional time will yield any more evidence that is exculpatory or relevant. Whatever documents have been discovered during trial preparation may be used at trial, but their mere existence cannot be used to request additional continuances in light of the ample time Wagner and his counsel have had to prepare their defense — particularly since Wagner's counsel had earlier affirmed his readiness for trial.

In assessing the third *Flynt* factor, the Court finds that further delay in the trial date would result in significant inconvenience and potential prejudice. As summarized above, this trial has been continued seven times. Both parties had earlier represented to the Court that they were prepared for trial, and both parties have expended resources in ensuring that trial would proceed. Indeed, this Motion was filed the morning before trial was scheduled to commence. Delaying trial yet again would be both impractical and burdensome to the government, to the Court and to Wagner himself. In addition to

7

further wasting resources, another continuance would potentially prejudice the United States' case, and would increase the risk of impacting potential witnesses at trial, particularly in light of the fact that one of the witnesses is nearly ninety years old. Witnesses have presumably been informed to prepare to appear to testify and another continuance on the verge of trial would certainly inconvenience them.

Finally, the Court finds that requiring the parties to bring the case to trial as scheduled will not unduly harm Wagner. The Court has accommodated Wagner's requests for continuances, and has provided him with CJA assistance to procure the required investigators to assist in the preparation for this case. Wagner has not indicated based on recent investigations what exculpatory evidence he will find over the next month that would justify yet another continuance. Whatever arguments concerning Wagner's non-involvement with potentially fraudulent activity has already been discovered. Without some specific showing that relevant, non-prejudicial, potentially-exculpatory evidence will likely be found that has not yet been disclosed, Wagner's Motion cannot be granted.

Another continuance at this stage would not be excludable under the Speedy Trial Act. A continuance would not satisfy any of the circumstances that would render the delay excludable under 18 U.S.C. § 3161(h). For the reasons set forth above, the ends of justice do not outweigh the best interests of the public and the defendant. *See id.* at § 3161(h)(7). The proceeding will not be made impossible without a continuance, and no miscarriage of justice will result by denying the continuance request. Based on representations made to this Court, defense counsel had an adequate opportunity to prepare Wagner's defense and to sift through the discovery as required. Trial will proceed as scheduled.

///

///

///

///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant Wagner's Second Motion to Continue Trial (dkt. no. 98) is DENIED.

ENTERED THIS 25th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE