UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL WAGNER,<br><br>Defendant. | Case No. 2:10-cr-00399-MMD-GWF<br><br>ORDER<br><br>(Plf.'s Motion to Exclude Evidence – dkt. no. 93) |

Before the Court is Plaintiff United States of America's Motion to Exclude Evidence. (Dkt. no. 93.) For the reasons discussed below, Plaintiff's Motion is granted in part and denied in part.

**I. ANALYSIS**

This case concerns wire fraud, bank fraud, and conspiracy to commit fraud arising out of Defendant Paul Wagner's alleged activities as a home builder and seller. The government charges Wagner with devising a scheme to sell homes by creating monetary incentives for straw buyers to purchase homes without disclosing these incentives to lenders.

The government seeks to exclude evidence regarding lender negligence on the grounds that such evidence is not relevant under Federal Rule of Evidence 402 and that whatever relevance it might have would be substantially outweighed by the evidence's prejudicial effect under Federal Rule of Evidence 403. The government argues that

evidence of lender negligence and lender practices is not a defense to bank or wire fraud. Wagner counters by arguing that evidence of lending standards and lending negligence will not be used as a defense, but rather to challenge the existence of materiality as an element of the charges at issue in this trial.

Materiality of falsehood is an element of the federal bank and wire fraud statutes. *Neder v. United States*, 527 U.S. 1, 25 (1999). A material false statement is defined as one that "has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id.* at 16 (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995)). Justifiable reliance and damages are not required, so the government need not prove that the victim relied on the false statements or was damaged by them. *Neder*, 527 U.S. at 24-25. For this reason, "it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompetent." *United States v. Maximov*, No. CR10-822, 2011 WL 4915162, at *2 (D. Ariz. Oct. 17, 2011).

Moreover, a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have *actually* influenced or *actually* deceived the lender. *See United States v. Rashid*, 383 F.3d 769, 778-79 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds by Abu Nahia v. United States*, 546 U.S. 803 (2005). What matters is whether the misrepresentation had a "natural tendency to influence the bank or was not capable of influencing the bank." *Id.*

However, in order to determine materiality, a jury "must know something about the lenders' decision-making process." *Maximov*, 2011 WL 4915162, at *3. "[A]lthough [a] [d]efendant cannot rely on loose lending practices of victim financial institutions as a defense to fraud, he can challenge the government's evidence concerning applicable lending standards and thereby challenge the government's assertion that the false statements were material." *Id.*

As a result, evidence of lender policies or practices that intentionally disregard facts — such as those allegedly misrepresented by Wagner — is relevant and

admissible to show that the facts were not material. Such evidence is probative as to whether the false statements or non-disclosures "had a natural tendency to influence" or were "capable of influencing" the decisions of the lenders to provide the loans. *See Neder*, 527 U.S. at 16. If the lenders would have approved the loans even were the alleged incentives disclosed, and if the incentives would not have had a natural tendency to influence or been capable of influencing the lenders, Wagner's misrepresentations would not be material, and the evidence of such lender practices would therefore be admissible. However, Wagner may not introduce evidence of lender practices to demonstrate that the lenders were negligent in providing loans to purchase the Indictment properties or that the lenders did not rely on any alleged statements and were not actually deceived by Wagner.

The government cites to *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) for the proposition that materiality is viewed from the perspective of a reasonable, objective decision-maker, and that evidence of lender negligence and lending standards focuses on the actions of lender. *Reyes* concerned securities fraud, not bank or wire fraud, and was focused on the perspective of reasonable investors; it is thus inapplicable here. In addition, such evidence is relevant for demonstrating how an objective decision-maker — here, a lender — could or would have been influenced by the misrepresentations. For this reason, the government's argument is inapposite.

Further, evidence going to the materiality of the alleged misrepresentations is highly probative, and not substantially outweighed by the threat of confusing and misleading the jury.

In sum, the government's motion is granted to the extent Wagner seeks to introduce evidence of lenders' negligence or loose lending practices as a defense to fraud. However, the government's motion is denied to the extent Wagner seeks to introduce evidence of lenders' practices and decision-making processes to contest materiality. As an example, Wagner cannot offer evidence to show that the lenders were not actually deceived by any alleged statements or that the lending representatives

involved did not actually review or rely on these statements. Wagner can introduce evidence to show that these statements were not material (i.e., not capable of influencing the lender's decision) because their lending practice is to not require or consider these statements. In other words, if the government's witness testifies that Wagner offered large cash incentives to real estate agents, then Wagner can offer evidence to show that the applicable lender's practice during the period in question was to not prohibit or review large cash incentives.

The Court may draw additional lines between what evidence falls within the type of lender negligence and loose lending practices that will be excluded during trial as evidence is actually presented.

**II.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff United States of America's Motion to Exclude Evidence (dkt. no. 93) is GRANTED IN PART AND DENIED IN PART.

ENTERED THIS 25th day of September 2012.

UNITED STATES DISTRICT JUDGE